No. 2616.—J. F. THOMPSON *v.* NEW ORLEANS COAST AND LAFOURCHE
TRANSPORTATION COMPANY—JOHN J. BROWN, Garnishee.

A person who bought a steamboat from a person within the rebel lines of military occupa-
tion during the late war, for a certain price in unlawful currency, and afterward sold the
vessel to another party within the Federal lines, and received the price in lawful cur-
rency, can not be compelled by garnishment process to pay the price he thus received to
the original owner, on the ground that the original sale was made in violation of the
laws of war, and was therefore void. Nor can the plaintiff recover on the theory that
the proceeding was a revocatory action by garnishment, because such action can not be
maintained in that form.

APPEAL from the Seventh District Court, parish of Orleans. *Col-
lens,* J.   J. *Ad. Rozier,* for plaintiffs and appellee.   *G. Schmidt,*
for garnishee and appellant.

HOWE, J.   There was judgment in this case in the court below,
maintaining the traverse to the answers of garnishee Brown, and
condemning him to pay to plaintiff the sum of $8584 60 with interest,
and the garnishee has appealed.

A large number of points have been made and discussed, of which
it·is necessary to notice but one.

The theory of the plaintiff's claim against the garnishee seems to be
this: that in 1863 the defendant's company was owner of the steam-
boat Lafourche; that in that year the Board of Directors in New
Orleans authorized a sale of the boat, which was then outside the lines
of military occupation of the United States forces; that an agent was
thereupon sent through the lines, who sold her to the garnishee for
$50,000 in Confederate notes; that the garnishee, in January, 1867,
sold her to the Bayou Sara Packet Company for $32,000 in lawful
money; that the s ale in 1863 by the defendants' company to the
garnishee was null and void, as in violation of the laws of war and
the restrictions on commercial intercourse; that when the garnishee,
five years after, sold her to the Bayou Sara Packet Company she was
still·the property of the defendant's company, and the price he
received was due and owing by him to the defendants.

It appears that from the time of the sale to him in 1863 to the time
of the sale by him in 1867, the garnishee (Brown) was in quiet possession
as owner, the bill of sale to him being recorded in the New Orleans
Customhouse.

The garnishee excepted to the right of the plaintiffs to attack him
by a process of garnishment, which is really a revocatory action in
disguise, and he also pleaded the prescription of one year.

· If this be a revocatory action in the disguise of a garnishment, the
exceptions of the garnishee should have been maintained. 19 An.,
page 16.

If, on the other hand, we proceed upon the theory of the plaintiff,
that there was no sale to Brown by the company; that he sold their

property in 1867, and owes them the price, and that this debt can now be seized by plaintiff, we find that the facts of the case will not support the theory.

There was a quorum of the defendant's directors when the sale was determined on in 1863. The sale, after being made, was ratified by a meeting of the stockholders. It was made as matter of fact, and recorded in the Customhouse;. and the garnishee never heard any objection to it until March, 1868, when he was cited to answer the additional interrogatories in this case. The dealings across. the lines may have been unlawful, but the defendants, the vendors, could not plead their own unlawful conduct, nor can the plaintiff,'seizing their rights merely, plead it. *Melior est conditio possidentis.* If creditors are permitted, on behalf of their debtors, to disregard every sale made since 1861, which may have been concluded in contravention of the laws of war, the regulations of the United States Treasury, or the public policy of the country, a vista of litigation would be opened which it would be melancholy indeed to contemplate.

It is ordered that the judgment appealed from be reversed, and the traverse and other garnishment proceedings dismissed with costs in both courts.

Rehearing refused.